WESTBROOK vs. DUBOIS.

Two referees, survivors of a third, are bound to *settle a case* made upon the report of the three referees.

It is not a sufficient excuse that they have been unable to procure the minutes of the deceased referee, in order to properly settle it.

A motion to discharge the two referees from further service, and to substitute three new referees, in such a case should not be noticed to the adverse party, he has nothing to do with the settlement of the case by the referees.

The party moving may, however, have an *ex parte* order, that the referees settle the case, or show cause before the court, &c.

*February Special Term*, 1847.—This was a motion on the part of the Plaintiff, to release two referees, survivors of the third, from further service, and for the appointment of three other referees in their place. It appeared that the cause had been brought to a hearing before the three referees appointed, and a report made, after which one of the referees,

(Nicholas Sickles, Esq.,) died. It appeared that Sickles kept the minutes of the hearing fully, which minutes, after his death, passed into the hands of his legal representative. A case was made upon the report of the referees, and the Plaintiff's attorney served the two surviving referees with a written notice, to name a time and place when they would meet to settle the case; the referees applied to the representative of Sickles, for the minutes of the hearing kept by Sickles, to enable them properly to settle the case; the representative refused to deliver them to any one, unless the referee's fees due Sickles was first paid; this not having been done, the two referees then requested a release from any further service in the cause. This motion was noticed to Defendant's attorneys.

Plaintiff's counsel stated that he had been very diligent in trying to get the case settled by the referees, and insisted that inasmuch as the surviving referees would not or could not settle it, and requested a discharge from further service in the cause, the motion should be granted. J. Van Buren, *Plff's Counsel.* Van Buren & Ostrander, *Plff's Attys.* M. T. Reynolds, *Defts Counsel.* Bruyn & Linderman, *Defts Attys.*

Beardsley, Justice—Denied the motion with costs, on the ground that the motion should not have been noticed to Defendant; he had nothing to do with the settlement of the case by the referees; the present referees should settle the case; there were no sufficient grounds stated for substituting others for that purpose.

The Plaintiff was allowed an *ex parte* order, requiring the referees to settle the case, or show cause, &c.